RACHEL E. KAUFMAN (Cal. Bar No. 259353)
KAUFMAN P.A.
237 S Dixie Hwy, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881
rachel@kaufmanpa.com

*Attorney for Plaintiff and the Proposed
Class*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW BRIGIDA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GREENLAW CONSULTING GROUP, INC.,<br><br>Defendant. | **Case No.**<br><br>**COMPLAINT FOR:**<br><br>1. **VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(b)**<br><br>**Class Action**<br><br>**DEMAND FOR JURY TRIAL** |

**Preliminary Statement**

1.     As the Supreme Court has explained, "Americans passionately

disagree about many things. But they are largely united in their disdain for

robocalls. The Federal Government receives a staggering number of complaints

about robocalls—3.7 million complaints in 2019 alone. The States likewise field a

constant barrage of complaints. For nearly 30 years, the people's representatives in

Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2.     The Plaintiff Andrew Brigida alleges that Greenlaw Consulting Group, Inc. ("Greenlaw") made unsolicited pre-recorded telemarketing calls to Mr. Brigida and others without their prior express consent.

3.     Because these calls were transmitted using technology capable of generating thousands of similar calls per day, he sues on behalf of a proposed nationwide class of other persons who received similar calls.

4.     A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

5.     Plaintiff Andrew Brigida is an individual.

6.     Defendant Greenlaw Consulting Group, Inc. is a corporation located in this District.

COMPLAINT - 2

**Jurisdiction & Venue**

7.     The Court has federal question subject matter jurisdiction over these

TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

8.     The Court has personal jurisdiction over Defendant because it is

registered in this District and made calls from this District.

9.     Venue is proper under 28 U.S.C. § 1391(b) because the calls at issue

were made from this District.

**TCPA Background**

10.     In 1991, Congress enacted the TCPA to regulate the explosive growth

of the telemarketing industry.  In so doing, Congress recognized that

"[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[.]"

Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991)

(codified at 47 U.S.C. § 227).

The TCPA prohibits automated calls to residential telephone numbers

11.     The TCPA makes it unlawful "to initiate any telephone call to any

residential telephone line using an artificial or prerecorded voice to deliver a

message without the prior express consent of the called party." *See* 47 U.S.C. §

227(b)(1)(B).

12.     The TCPA provides a private cause of action to persons who receive

calls in violation of 47 U.S.C. § 227(b)(1)(B). *See* 47 U.S.C. § 227(b)(3).

13.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

14.     In 2012, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service."

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 FCC Rcd 1830, 1844 (2012) (footnotes omitted).

## Factual Allegations

15.     Greenlaw offers tax reduction services.

16.     To generate leads, Greenlaw makes telemarketing calls to consumers who have never had a relationship with them and who have never consented to receive their calls.

17.   This includes telemarketing calls using pre-recorded message.

18.   Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

19.   Plaintiff's cellular telephone number (the "Number") is 480-250-XXXX.

20.   Despite this, the Defendant placed a pre-recorded call to the Plaintiff on January 26, 2022.

21.   The pre-recorded message stated the following:

> Hey, it's Sarah. I'm calling you from tax help center and I'm just following up with a message that I left you last week. It's regarding your back income tax debt and I've got some great news for you with new changes that have taken effect and I just wanted to discuss your repayment or eliminations options, but it is imperative that I speak to you just as soon as possible. So my phone number is (866) 620-1590. Looking forward to hearing from you and have a great day.

22.   The call was clearly pre-recorded because of (a) an unnatural delay prior to the message starting (b) the generic nature of the solicitation (c) the monotone nature of the pre-recorded voice and the (d) unnatural consistent level of the voice.

23.   To identify the calling party, the Plaintiff called the number identified in the pre-recorded voice.

24.   During that call, the Plaintiff spoke to the Defendant.

COMPLAINT - 5

25.   The Defendant inquired to the Plaintiff about his need for debt relief services for taxes owed to the IRS.

26.   The Defendant advertised its ability to negotiate low monthly payments from the IRS.

27.   The Defendant then sent him a text message of their website, www.greenlawtax.com.

28.   To provide him a further solicitation, the Defendant asked for his social security number.

29.   At that point, the Plaintiff ended the call.

30.   Plaintiff's privacy has been violated by the above-described telemarketing call.

31.   The Plaintiff never provided his consent or requested the call.

32.   Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated, they were annoyed and harassed, and, in some instances, they were charged for incoming calls. In addition, the calls occupied their telephone lines, rendering them unavailable for legitimate communication.

**Class Action Allegations**

33.     As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil

Procedure, Plaintiff brings this action on behalf of a Class of all other persons or

entities similarly situated throughout the United States.

34.     The Class of persons Plaintiff proposes to represent is tentatively

defined as:

> **Robocall Class:** Plaintiff and all persons within the United States: (1) to
> whose cellular telephone number (2) Greenlaw, or a third party on their
> behalf (3) placed a call using pre-record messages (4) within the four years
> prior to the filing of the Complaint.

35.     The Class as defined above is identifiable through phone records,

phone number databases, and business and customer records of Defendant.

36.     Based on the *en masse* nature of telemarketing, the potential members

of the Class likely number at least in the thousands.

37.     Individual joinder of these persons is impracticable.

38.     The Plaintiff is a member of the class.

39.     There are questions of law and fact common to Plaintiff and to the

proposed Class, including but not limited to the following:

> (a) whether Greenlaw used a pre-recorded message to make the calls;

> (b) whether Greenlaw made calls to Plaintiff and members of the Class
>     without first obtaining prior express written consent to make the
>     calls; and

COMPLAINT - 7

(c) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

40.     Plaintiff's claims are typical of the claims of members of the Class.

41.     Plaintiff is adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

42.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendants and/or their agents.

43.     The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION

**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227(b))**
**(On Behalf of Plaintiff and the Robocall Class)**

44.     Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

45.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, with a pre-recorded message to residential or cellular telephone numbers.

46.     The Defendant's violations were negligent, willful, or knowing.

47.     As a result of Defendant's and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

48.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making pre-recorded calls, except for emergency purposes, to any cellular telephone number in the future.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

Injunctive relief prohibiting Defendant from making telephone calls advertising their goods or services, except for emergency purposes, to any cellular telephone number using a pre-recorded message in the future.

COMPLAINT - 9

As a result of Defendant's negligent, willful and/or knowing violations of the TCPA, Plaintiff seeks for himself and each member of the Class of damages, as provided by statute, from $500 to up to $1,500 for each and every violation of the TCPA;

An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

RESPECTFULLY SUBMITTED AND DATED this 26th day of May, 2022.

By: */s/ Rachel E. Kaufman*
RACHEL E. KAUFMAN
KAUFMAN P.A.
237 S Dixie Hwy, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881
rachel@kaufmanpa.com

*Attorney for Plaintiff and the Proposed Class*